# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:20-CV-20 |
| ) | |
| v. ) | Judges _____ |
| ) | |
| $34,727.93 U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Douglas J. Overbey, United States Attorney for the Eastern District of Tennessee, and Gretchen Mohr, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of $34,727.93 in U.S. currency (hereinafter "defendant property").

2. The United States of America seeks forfeiture of the defendant property pursuant to 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343. The United States of America also seeks forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or any property traceable to such property

and any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1957.

## THE DEFENDANT *IN REM*

3. The defendant property is $34,727.93 in U.S. currency, which was seized by Tennessee Valley Authority-Office of Inspector General ("TVA-OIG") on or about August 15, 2019.

4. Custody of the defendant property was transferred to the United States Marshals Service. The defendant property is currently on deposit in an account under the control of the United States Marshals Service.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture of the defendant property occurred in this district. Upon the filing of this complaint, the plaintiff requests that the Clerk issue an Arrest Warrant *In Rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will execute the warrant upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States of America seeks forfeiture of the defendant property pursuant 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1343 and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) for violations of 18 U.S.C. § 1957.

9. Pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

10. As set forth in detail in the Affidavit of Special Agent, Kyle Cox, Tennessee Valley Authority, Office of the Inspector General, the Government's investigation has determined that Robert N. Saunders and other parties unknown have committed violations of federal law including conspiracy to commit wire fraud and money laundering and the defendant property was property derived from proceeds traceable to violations of 18 U.S.C. § 1343 and proceeds traceable to and involved in violations of 18 U.S.C. § 1957.

## CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above. The defendant property constitutes money derived from proceeds of wire fraud and money laundering violations of 18 U.S.C. § 1343 and 1957. The defendant property is subject to forfeiture to the United States in accordance with 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that:

(1) The Clerk issue a Warrant for Arrest *In Rem* for the defendant property;

(2) The defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(3) Notice of this action be given to all persons known or thought to have an interest in, or right against the defendant property; and

(4) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

                                    Respectfully submitted,

                                    J. DOUGLAS OVERBEY
                                    UNITED STATES ATTORNEY

By:    *s/Gretchen Mohr*
        GRETCHEN MOHR
        NY Bar No. 5064704
        Assistant United States Attorney
        800 Market Street, Ste. 211
        Knoxville, Tennessee 37902
        (865) 545-4167
        gretchen.mohr@usdoj.gov

# VERIFICATION

I, Kyle Cox, Special Agent with Tennessee Valley Authority, Office of the Inspector General, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Drug Enforcement Administration and the Metropolitan Knoxville Airport Authority Safety Department.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of January 2020.

Kyle Cox, Special Agent
Tennessee Valley Authority
Office of the Inspector General

Sworn to and subscribed to before me this 8th day of January, 2020.

Notary Public
My Commission Expires: 10/30/2022

[Notary Seal: JEANETTE E. SOREY, STATE OF TENNESSEE NOTARY PUBLIC, KNOX COUNTY]

5

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$34,727.93 U.S. CURRENCY

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Macon
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Gretchen Mohr, AUSA, 800 Market Street, Ste. 211
Knoxville, TN 37902, (865) 545-4167

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | [X] 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C)

Brief description of cause:
Proceeds of violations of 18 U.S.C. § 1343 and property involved in violations of 18 U.S.C. § 1957

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
- **DEMAND $** _____
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/10/2020
SIGNATURE OF ATTORNEY OF RECORD: s/Gretchen Mohr

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**$34,727.93 U.S. CURRENCY** )<br>)<br>**Defendant.** ) | Case No. 3:20-CV-20<br><br>Judges _____ |

## WARRANT OF ARREST *IN REM*

TO: The United States Marshal for the Eastern District of Tennessee and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

The United States, by and through its United States Attorney, respectfully requests that the Clerk of the Court for the United States District Court for the Eastern District of Tennessee issue a Warrant of Arrest *in Rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. In support of its application, the United States of America states as follows:

On January 10, 2020 the United States filed a Verified Complaint *in Rem* in the above-referenced case, which alleges that the defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) in violation of 18 U.S.C. §§ 1343 and 1957. The defendant property is $34,727.93 in U.S. currency (hereinafter "defendant property').

The defendant property is currently in the possession of the United States. In these circumstances, the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(i) directs the Clerk of the Court to issue a warrant to arrest the property if it is in the government's possession, custody or control.

Supplemental Rule G(3)(c)(i) provides that the Warrant of Arrest *In Rem* must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest the defendant property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the property are presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon who copies were served and the manner employed.

IN WITNESS WHEREOF, I, Clerk of the United States District Court for the Eastern District of Tennessee, have caused the foregoing Warrant of Arrest *In Rem* to be issued pursuant to the authority of the Supplemental Rule G(3)(b)(i) and the applicable laws of the United States and have hereunto affixed the seal of the Court at Knoxville, Tennessee, this _____ day of _____, 2020.

                                        John Medearis
                                        Clerk of the Court
                                        United States District Court

By: _____
       Deputy Clerk

RETURN OF SERVICE

I hereby certify that I executed this warrant by serving _____ by

_____ on the _____ day of _____, 2020.


_____
United States Deputy Marshal
United States Marshals Service